

**ZACHERY W. CARTER**
*Corporation Counsel*

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**NATALIE S. MARCUS**
Tel.: (212) 356-2629
Fax: (212) 356-2439
nmarcus@law.nyc.gov

March 11, 2019

**By ECF**

Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *Persaud v. City of New York, et al.,*
               18 Civ. 7034 (NGG)(VMS)
               Our Matter No. 2018-028614

Dear Judge Garaufis:

       I am an Assistant Corporation Counsel in the office of Zachery W. Carter, Corporation Counsel for the City of New York, attorney for defendants City of New York ("City"), New York City Police Department ("NYPD"), New York City Police Department Police Academy College Point ("Police Academy"), and in their individual capacities Michael McGrath, Farkul Islam, and Dianna Faini (collectively, "defendants") in the above-referenced case. Pursuant to this Court's Individual Rules Section III(A)(2), defendants respectfully request a pre-motion conference to discuss defendants' proposed motion to dismiss the Complaint and to request a stay of discovery. Additionally, pursuant to Individual Rules Section III(A)(3), defendants also respectfully request an extension of time to respond to the Complaint until such time as their anticipated motion is resolved.

       Plaintiff brings this action pursuant to the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("SHRL"), and the New York City Human Rights Law ("CHRL") alleging that defendants subjected him to discrimination, retaliation, and a hostile work environment based on his alleged disability (stammer).[1]

---

[1] To the extent plaintiff may be attempting to bring claims under Title VII and 42 U.SC. § 1981 those claims must be dismissed. As discussed below, plaintiff has not plausibly alleged an adverse action, and therefore the Title VII claim should be dismissed as against all defendants. Moreover, § 1981 only prohibits race discrimination and not disability discrimination. Finally when the defendant is a government, § 1983 is the exclusive remedy for alleged § 1981

**HONORABLE NICHOLAS G. GARAUFIS**
United States District Judge
*Persaud v. City of New York, et al.*
18 Civ. 7034 (NGG)(VMS)
March 11, 2019
Page 2

A.  **The NYPD and the Police Academy Must be Dismissed**

New York City Charter § 396, enforced by Federal Rule 17, provides that all actions and proceedings must be brought in the name of the City and not that of a City agency. For this reason, the claims against the NYPD and the Police Academy must be dismissed. *Jenkins v. City of New York*, 478 F.3d 76, 95 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City.").

B.  **The Complaint Fails to Allege a Disability for Purposes of the ADA**

In order to state a claim under the ADA, a plaintiff must first show that he is a qualified person with a disability for purposes of the statute. To establish that an individual has a disability, he must: "(1) show that he suffers from a physical or mental impairment, (2) identify the activity claimed to be impaired and establish that it constitutes a major life activity, and (3) show that his impairment substantially limits the major life activity previously identified." *Graham v. Three Vill. Cent. Sch. Dist.*, No. 11 Civ. 5182 (JFB), 2013 U.S. Dist. LEXIS 143264, *34 (E.D.N.Y. Sep. 30, 2013) (citations omitted). The conclusory allegation that "[p]laintiff's speech impediment and stammer impacted major life activities of Plaintiff's life, including 'speaking' and 'communication'" is a conclusion and insufficient to allege plausibly that plaintiff has a disability under the ADA. Compl. ¶ 15; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a formulaic recitation of the elements of a cause of action" is insufficient to state a claim); *Detko v. Blimpies Rest.*, 924 F. Supp. 555, 557 (S.D.N.Y. 1996) (dismissing complaint for failure to state a claim where the complaint failed to allege that plaintiff's speech impediment "*substantially* limits his speaking")(emphasis in original).

C.  **Discrimination and Hostile Work Environment Claims Must Be Dismissed**

The ADA, SHRL, and CHRL discrimination claims against the defendants must be dismissed because plaintiff has failed to allege an adverse employment action. *See Galabya v. N.Y. City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000). The allegations that plaintiff was transferred from an assignment on one floor of the Police Academy to another floor in the same building and that he received a Notice of Proposed Disqualification ("NPD") do not constitute adverse employment actions. Plaintiff does not allege that he was terminated, or that his wages, or benefits were changed and, thus, fails to allege an adverse action. *See Menes v. City Univ. of New York Hunter Coll.*, 578 F. Supp. 2d 598, 614-15 (S.D.N.Y. 2008) (transfer from the Bursar's Office to the Accounting Department, where plaintiff would have to learn to use a new computer program, was not an adverse employment action, despite plaintiff's preference to remain in the Bursar's Office); *Feliciano v. City of New York*, No. 14 Civ. 6751 (PAE), 2015 U.S. Dist. LEXIS

---

violations. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733-36 (1989). Here, the Complaint does not allege that the purported adverse actions were the result of an official policy, custom, or practice of the City and, thus, all § 1981 claims against the City must be dismissed.

**HONORABLE NICHOLAS G. GARAUFIS**
United States District Judge
*Persaud v. City of New York, et al.*
18 Civ. 7034 (NGG)(VMS)
March 11, 2019
Page 3

92623, *20-21 (S.D.N.Y. July 15, 2015) (granting motion to dismiss Title VII and SHRL retaliation claims where the plaintiff "[did] not provide any information as to how the transfer impacted him"). The Complaint also fails to allege facts sufficient to demonstrate that plaintiff's alleged adverse actions occurred as a result of plaintiff's purported disability. Because the Complaint has failed to plead a discrimination claim, the aiding and abetting claim under the SHRL must also be dismissed. *See Smalls v. N.Y. Hosp. Med. Ctr. of Queens*, 13 Civ. 1257 (RRM)(CLP), 2015 U.S. Dist. LEXIS 123240, *42 (E.D.N.Y. Sept. 15, 2015) ("Where no violation of the SHRL by an employer has been established, an individual employee cannot be held liable for aiding and abetting such a violation."); *Simon v. City of New York*, 17 Civ. 9575 (DAB), 2019 U.S. Dist. LEXIS 25331, *21-22 (S.D.N.Y. Feb. 14, 2019).

Plaintiff's hostile work environment claims under the SHRL and CHRL must also be dismissed. The "acts do not include any explicit or implicit reference to [plaintiff's protected classes] and Plaintiff has not otherwise alleged how the acts are connected to any of the protected classes to which [s]he belongs." *Richard v. New York City Dep't of Educ.*, 16 Civ. 957 (MKB)(CLP), 2017 U.S. Dist. LEXIS 50748, *38 (E.D.N.Y. Mar. 31, 2017). As to the ADA and SHRL, the Complaint also fails to plausibly plead facts showing that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *See Littlejohn v. City of New York*, 795 F.3d 297, 320-221 (2d Cir. 2015). Here, the conclusory allegation that "NYPD supervisors would harass plaintiff and made a point of singling Plaintiff out in front of his peers" does not meet the hostile work environment standard. Compl. ¶ 20.

**D.      Retaliation Claims Must be Dismissed**

For an ADA retaliation claim to survive a motion to dismiss, a plaintiff must allege sufficient facts to plausibly show that "(1) the employee was engaged in an activity protected by the ADA, (2) the employer was aware of that activity, (3) an employment action adverse to the plaintiff occurred, and (4) there existed a causal connection between the protected activity and the adverse employment action." *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir. 1999); *Weissman v. Dawn Joy Fashions, Inc.*, 214 F.3d 224, 234 (2d Cir. 2000) (SHRL substantially similar standard). "The CHRL is slightly more solicitous of retaliation claims than federal and state law because, rather than requiring a plaintiff to show an 'adverse employment action,' it only requires him to show that something happened that was 'reasonably likely to deter a person from engaging in protected activity.'" *Birkholz v. City of New York*, No. 10 Civ. 4719 (NGG)(SMG), 2012 U.S. Dist. LEXIS 22445, *40 (E.D.N.Y. Feb. 17, 2012) As explained above, plaintiff has not plausibly alleged that he was subject to an adverse action. Plaintiff's transfer from one floor to another floor in the very same building would not deter anyone from engaging in a protected activity. The issuance of the NPD was not an adverse action because it was simply a proposal and there were further processes to be invoked before any definite job action would have been taken. *See* Civil Service Law §50(4);

**HONORABLE NICHOLAS G. GARAUFIS**
United States District Judge
*Persaud v. City of New York, et al.*
18 Civ. 7034 (NGG)(VMS)
March 11, 2019
Page 4

*Spence v. Md. Cas. Co.,* 995 F.2d 1147, 1157 (2d Cir. 1993). Plaintiff voluntarily resigned after receiving the NPD but cannot contend that he had no other choice. Compl. ¶ 59.

**E.     Plaintiff Has Not Alleged a Constructive Discharge Claim**

The Complaint fails to allege a viable constructive discharge claim. Plaintiff resigned from the NYPD and now claims it was because of disability discrimination related to his stutter. Compl. ¶ 59. Plaintiff has failed to allege conditions that were so intolerable as to force his resignation. *See Dowrich-Weeks v. Cooper Square Realty, Inc.*, No. 11 Civ. 5966 (DAB), 2012 U.S. Dist. LEXIS 126291, *10-11 (S.D.N.Y. Sept. 4, 2012), *aff'd*, 535 F. App'x 9 (2d Cir. 2013) (dismissing constructive discharge claim where plaintiff's allegations included that "Defendant or its officers made negative comments about Plaintiff to property owners she was assigned to manage," and defendant "demoted Plaintiff by assigning her to manage a single property when she had previously managed a portfolio of five"). Courts in this circuit have "refused to find a constructive discharge where an employee had an avenue through which he could seek redress for the allegedly 'intolerable' work atmosphere leading up to his resignation, but failed to take advantage thereof." *Silverman v. City of New York,* 216 F. Supp. 2d 108, 115 (E.D.N.Y. 2002) (summarizing cases), *aff'd*, 64 Fed. Appx. 799 (2d Cir. 2003). Plaintiff alleges that he filed complaints with Internal Affairs Bureau ("IAB") and the Equal Employment Opportunity office ("EEO"). Compl. ¶¶ 49, 55, 56. Instead of waiting for the outcome of the investigations, plaintiff resigned from his position. Compl. ¶ 59. Therefore, plaintiff's constructive discharge claim must be dismissed.

Finally, plaintiff's retaliation claim under New York Labor Law § 215 must also be dismissed because: (1) plaintiff failed to serve notice of the suit upon the State Attorney General prior to commencing the action as required under NYLL §215(2)(b); (2) the Complaint does not allege a violation of the New York Labor Law; and (3) plaintiff does not allege that he suffered an adverse action.

For the foregoing reasons, defendants respectfully request that the Court hold a pre-motion conference. Thank you for your consideration of this request.

Respectfully submitted,

/s/ Natalie S. Marcus
Natalie S. Marcus
Assistant Corporation Counsel

cc:     Seamus Barrett
         By ECF